Porter, J.
Gillespie, Scoles & Co. having proposed entering into a contract with the plaintiff, she alleges, that not having confidence in their ability to pay, she refused to credit them, unless they would give good and sufficient security for the payment. That Canfield, Hill & Co., (the defendants and appellants) wrote her, that Gillespie, Scoles & Co. were in good credit, and would, no doubt, pay the debt when it should become due, and that they would be responsible for the said debt, if it was not so paid. That Gillespie, Scoles & Co. acknowledged the said debt of $501 50 cents, to be due by a certain promissory note; that they have not paid it, and that the defendants, by their promise, are bound so to do.
The answer admitted, that the letter, alluded to in the petition, had been written, but denied all the other allegations therein contained. It also contained the plea, that discussion must be had of the property of the principal debtors, before further proceedings could be had against them as surety.
*386 The evidence in the cause, consisted of a letter of the defendants to plaintiff, in the following words:
New-Orleans, June 12, 1819.
“We state to Mrs. Herries, that we are sell- " ing goods to Messrs. Gillespie, Scoles & Co. “ on a credit, without endorsers, and that we “ believe them safe and good, and have no he- “ sitation in saying, that the debt will be paid “ as soon as due; but if they should not, we “ will be responsible.
(Signed) “ Canfield & Hill.”
The note of Gillespie, Scoles & Co. viz.
“On or before the 1st day of February, “ 1820, we promise to pay Mrs. T. J. Herries, “ the sum of five hundred and one dollars fifty “ cents, good and lawful money of the United “ States, for value received.
(Signed) “ Gillespie, Scoles & Co.”
“ New-Orleans, June 14, 1819.”
And the evidence of a single witness, who proved the execution of the note, and that Gillespie, Scoles & Co., lived in St. Francisville, at the time the note was given, that they kept a store there, but does not know whether they still continue so to do, and that they were considered in good circumstances.
*387 There was, also, a protest of a notary-public, made on the 9th of February, 1819, shewing a demand on the makers for payment and refusal by them.
By the plaintiff it is insisted, that this is an original contract on the part of the defendants, and that they are bound in solido, with the principal debtors.
It is urged on the other side, that if at all liable, they are nothing but sureties. That recovery cannot be had against them, because it has not been shewn, that the debt on which the suit is brought, is that for which they engaged to be responsible; and that the principal debtors have property sufficient to pay this note, and that it should be previously discussed.
This is not an obligation in solido, but an ordinary contract of suretyship; the former is never presumed, Civil Code, 178, art. 102, and this letter does not express it.
It is, however urged, that there is not evidence, that this is the same debt which the defendants contracted to become surety for, and this, in truth, is the only question which presents any difficulty in the cause.
The letter of the defendants, dated the 12th of June, states, that they are selling goods to *388 Gillespie, Scoles & Co., on a credit; that they have no hesitation in saying to Mrs. Herries, the debt will be paid, but if it is not, they, the defendants, will be responsible. The note of Gillespie, Scoles & Co., to the plaintiff, shews a debt contracted two days after the date of this letter.
The promise of guarantee given by the defendants, was of the debt which Gillespie, Scoles & Co., were to contract, the note shews a debt contracted with the person to whom the letter was directed. This, I think sufficient. If the promise had been to pay for what goods they might purchase—shewing that goods were sold to them, immediately afterwards, is all the proof that the law would have required, or, perhaps, that the nature of the case is susceptible of. Here, the promise is to pay a debt, and a debt is shewn to be contracted. The cases, in my mind, cannot be distinguished.
Obliged to decide on questions of fact, as well as law, we cannot exact, and if we did, we could not, in all cases, obtain positive and direct proof of every fact which is litigated before us. We must, therefore, draw fair and reasonable inferences from the testimony *389 presented; and, applying that rule to the evidence given in this cause, my mind is satisfied, that this is the debt for which the defendants promised to be responsible.
Smith for plaintiff, Hoffman for defendants.
The plea of discussion is not maintained by the proof. It is not sufficient to allege that there is property ; there must be evidence establishing its existence. The witness, examined to this point, goes no further than to swear, that he believes Gillespie, Scoles & Co. live in St. Francisville; that they once kept a store there, but does not know whether they still continue to do so. This is not pointing out property for discussion, in the language of the Civil Code, 430, art. 9. 6 Martin, 560, Delazerry vs. Blanque's syndics. It is not even proving that the defendants had any property in the state.
On the whole, I am of opinion, that the judgment of the district court be affirmed with costs.
Martin, J. concurred.